# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LORI BURKE,**

    **Plaintiff,**

vs.                                                            CASE NO.:

**SAI INVESTMENTS, LLC, d/b/a "MINER'S GEMS",**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lori Burke ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, SAI Investments, LLC d/b/a "Miner's Gems", ("Defendant") and in support thereof states as follows:

## JURIDISCTION AND VENUE

1. This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 ("FCRA"), *Florida Statutes* § 760.01, *et seq*.

2. Jurisdiction is conferred upon this Court by:

    a. 42 U.S.C. § 2000e-5

    b. 28 U.S.C. § 1331; and

    c. 28 U.S.C. § 1343.

3. The supplemental jurisdiction of this Court is invoked with respect to Plaintiff's claim under the laws of Florida pursuant to:

    a. Title 28 U.S.C. § 1367(a), because the Florida Claim is so related to the federal claims within the Court's original jurisdiction that if forms part of the same case or controversy under Article III of the United States Constitution; and

    b. Title 28 U.S.C. § 1343, because the claim arises out of the same operative facts as the federal claim, and is such that the parties would ordinarily expect to try them in one proceeding.

4. Venue is proper for the United States District Court for the Middle District of Florida because:

    a. Plaintiff's interview for employment with Defendant was conducted in the Middle District of Florida.

    b. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Middle District of Florida.

    c. Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida, and because Defendant is subject to personal jurisdiction there due to conducting Plaintiff's employment interview in the Middle District of Florida.

## CONDITIONS PRECEDENT

5. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of

Title VII, the ADEA, and the FCRA by Defendant, a charge that was also deemed cross-filed with the Florida Commission on Human Rights ("FCHR") pursuant to a work-share agreement between the EEOC and FCHR pursuant to 29 C.F.R. §§ 1601,70-1601.74 and 1601.80. *See* Exhibit "A" – Charge of Discrimination.

6. On May 28, 2019, The Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADEA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

7. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On June 25, 2019, The Commission issued to Defendant a Notice of Failure of Conciliation.

10. On September 4, 2019, Plaintiff received a Notice of Right to Sue from the EEOC with regard to Plaintiff's claims under Title VII. *See* Exhibit "B" – Right to Sue Letter.

11. This Complaint was filed within ninety (90) days of the date in which Plaintiff received her Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

**PARTIES**

13. Plaintiff is a citizen of the United States, who during all material times resided in the Middle District of Florida, and currently resides in the Middle District of Florida.

14. Plaintiff is a Caucasian female of European descent/ancestry.

15. SAI Investments, LLC is a Limited Liability Company listing its mailing address as 116 Front Street, Ketchikan, Alaska 99901 and its physical address as 330-A Spruce Mill Way, Ketchikan, Alaska 99901. *See* Alaska Division of Corporation www.Commerce.Alaska.gov

16. Defendant is a "person" within the meaning of Title VII, 42 U.S.C. § 2000e(a).

17. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

18. Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. §§ 2000e(g)-(h).

19. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Florida Civil Rights Act of 1992, *Florida Statutes* § 760.02(6-7).

20. At all times material to this action, Defendant engaged in unlawful racially/ethnically discriminatory practices against Plaintiff in violation of Title VII, 42 U.S.C. § 1981 and the Florida Civil Rights Act.

## STATEMENT OF CLAIMS

21. Since at least March 24, 2018, as described in greater particularity below, Defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 1981, and the FCRA by discriminating against Plaintiff based on her race/ethnicity and national origin when it interviewed her for a Sales Associate position, but then chose not to hire her.

   a. As of January 1, 2018, Plaintiff was qualified for SAI's Sales Associate position because she had over ten (10) years of real estate sales experience as a licensed real estate agent in Ohio, Florida and California.

    b. As of January 1, 2018, Plaintiff was qualified for SAI's Sales Associate position because she had experience selling high end jewelry in California and working with a craftsperson who made custom jewelry.

    c. As of January 1, 2018, Plaintiff was qualified for SAI's Sales Associate position because she had over ten (10) years of experience selling high end eyewear in Ohio at a business where she also supervised at least two (2) other sales staff.

22. Despite her qualifications, Defendant chose not to hire her for a Sales Associate position in April or May 2018.

23. Of the seventy-three (73) hires, Defendant hired at least twenty (20) applicants who were of Indian descent and who each had less sales experience than Plaintiff.

24. The effect of the practices complained of in paragraphs 20 through 23 above has been to deprive Plaintiff of equal employment opportunities.

25. The unlawful employment practices complained of in paragraphs 20 through 23 above were intentional.

26. The unlawful employment practices complained of in paragraphs 20 through 23 above were willful

## FACTUAL ALLEGATIONS

27. Plaintiff's race/ethnicity is white/Caucasian.

28. On or about March 20, 2018, Plaintiff responded to Defendant's advertisement for employment posted on Craigslist. *See* Attached "Exhibit C" - Job Advertisement.

29. Plaintiff sought employment with Defendant as a Sales Associate at one of Defendant's stores located in Alaska.

30. Defendant's job posting advertised the position paid $3,723.46 per month plus incentives and bonus. *Id.*

31. Defendant's job posting advertised the position included housing, transportation and airfare to and from Alaska. *Id.*

32. On March 24, 2018, Plaintiff interviewed with a representative of Defendant, Vikram Punjabi.

33. Said interview took place within the jurisdiction of the Middle District of Florida.

34. On March 28, 2018 Plaintiff had a follow up Skype interview with a representative of Defendant, Claudia Chun.

35. Plaintiff was not hired for any position with Defendant.

36. Plaintiff was not hired by Defendant due to her ethnicity/race and national origin.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e ET. SEQ., AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, FOR INTENTIONAL DISCRIMINATION BASED ON NATIONAL ORIGIN IN EMPLOYMENT AGAINST DEFENDANT**

37. Plaintiff re-alleges and adopts paragraph 1 – 36 as though set forth fully herein.

38. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

**Employer practices**. It shall be an unlawful employment practice for an employer-
(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

39. Defendant discriminated against the Plaintiff with respect to her compensation, terms, conditions and privileges of employment including the failure to hire her for a Sales Associate position.

40. Plaintiff's national origin (European descent/ancestry) was a motivating factor in the adverse treatment of the Plaintiff. The Defendant's articulated reasons for said adverse treatment are mere pretext for intentional national origin based discrimination.

41. Defendant engaged in such national origin based employment discrimination willfully, maliciously and with reckless indifference to Plaintiff's federally protected rights.

42. As a result of Defendant's unlawful employment practices, as described supra, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

　　a. Back pay and benefits;

　　b. Interest on back pay and benefits;

　　c. Front pay and benefits and/or lost earning capacity;

　　d. Compensatory damages for emotional pain and suffering;

　　e. Injunctive relief;

　　f. Prejudgment interest;

　　g. Costs and attorney's fees; and

　　h. Such other relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF FLORIDA STATUTE § 760.010, THE FLORIDA CIVIL RIGHTS ACT, FOR INTENTIONAL DISCRIMINATION BASED ON NATIONAL ORIGIN IN EMPLOYMENT AGAINST DEFENDANT**

43. Plaintiff re-alleges and adopts paragraph 1 – 36 as though set forth fully herein.

44. Florida Civil Rights Act under Florida Statute § 760.10 provides in pertinent part as follows:

**Unlawful employment practices.**-

(1)   It is an unlawful employment practice of an employer:
(a)   To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

45.   Defendant discriminated against the Plaintiff based on her national origin with respect to her compensation, terms, conditions and privileges of employment including the failure to hire her for a Sales Associate position.

46.   Plaintiff's national origin (European decent/ancestry) was a motivating factor in the adverse treatment of the Plaintiff. The Defendant's articulated reasons for said adverse treatment are mere pretext for intentional national origin based discrimination.

47.   Defendant engaged in such employment discrimination willfully, maliciously and with reckless indifference to Plaintiff's statutorily protected rights.

48.   As a result of Defendant's unlawful employment practices, as described supra, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.  Back pay and benefits;

   b.  Interest on back pay and benefits;

   c.  Front pay and benefits and/or lost earning capacity;

   d.  Compensatory damages for emotional pain and suffering;

   e.  Injunctive relief;

   f.  Prejudgment interest;

   g.  Costs and attorney's fees; and

   h.  Such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1981, FOR INTENTIONAL RACE DISCRIMINATION IN EMPLOYMENT AGAINST DEFENDANT

49. Plaintiff re-alleges and adopts paragraph 1 – 36 as though set forth fully herein.

50. Plaintiff is a member of a protected class under Section 1981 due to her race.

51. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of Section 1981.

52. Defendant knew or should have known of the discrimination.

53. The above discrimination was done by Defendant with a reckless disregard for Plaintiffs rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

 g. Costs and attorney's fees;

 h. Punitive damages; and,

  i. Such other relief as the Court may deem just and proper.

DATED this 17th day of October 2019.

            **MORGAN & MORGAN, P.A.**

            **/s/ Matthew R. Gunter**
            MATTHEW R. GUNTER, ESQ.
            Fla. Bar No. 0077459
            Morgan & Morgan, P.A.
            20 North Orange Avenue, 14th Floor
            P.O. Box 4979
            Orlando, FL 32802-4979
            Tel.: (407) 236-0946
            Fax: (407) 867-4791
            Email: MGunter@forthepeople.com
            <u>Attorney for Plaintiff</u>